Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Federal District of South Carolina
Charleston Division

Christopher L Martin
_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Santander Bank
_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 2:26-cv-00911-RMG-MHC
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

RCVD - USDC - CHAS, SC
2026 MAR 5 AM 11:26

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Christopher L Martin
Street Address: 458 Four Seasons Blvd
City and County: Summerville, Dorchester
State and Zip Code: South Carolina 29486
Telephone Number: 860-604-9915
E-mail Address: Cmartin4704@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**
Name: Santander Bank
Job or Title (if known): Legal Department
Street Address: 1401 Elm Street, Suite 3500
City and County: Dallas, Dallas County
State and Zip Code: Texas, 75202
Telephone Number: 1-877-906-7500
E-mail Address (if known):

**Defendant No. 2**
Name:
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address (if known):

**Defendant No. 3**
Name:
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address (if known):

**Defendant No. 4**
Name:
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. 42 USC §12203 (ADA) Retaliation

28 USC §1391
Consumer Protection Act, 12 USC §§ 5531, 5536
Protection of Disability Benefits 38 USC §5301
Americans with Disabilities Act 42 USC §12182 ADA Title III

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
   The plaintiff, *(name)* Christopher W. Martin, is a citizen of the State of *(name)* South Carolina.

   b. If the plaintiff is a corporation
   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
   and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
   The defendant, *(name)* ~~Santander Bank~~, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* Santander Bank, is incorporated under the laws of the State of *(name)* Massachusetts, and has its principal place of business in the State of *(name)* Massachusetts.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* Boston Massachusetts

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Abosive, Unfair and Predatory Pratices for 9 years

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Refund of all Bank fee
Refound of all Internactional Transactions fee
Refund of all Internactional ATM fees
Damages of 20,000,000 US Dollars

Page 4 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 27 Feb 2026

Signature of Plaintiff: Christopher W Martin

Printed Name of Plaintiff: Christopher W Martin

### B. For Attorneys

Date of signing: _____

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____
Street Address               _____
State and Zip Code           _____
Telephone Number             _____
E-mail Address               _____

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**Christopher W. Martin,** Plaintiff,
v.
**Santander Bank, N.A.,** Defendant.

# Complaint for Injunctive and Declaratory Relief

Plaintiff Christopher W. Martin brings this action against Defendant Santander Bank, N.A. for violations of federal law, including the Americans with Disabilities Act, unlawful interference with VA disability benefits, unfair and abusive banking practices, and retaliation for prior protected activity.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in the Charleston Division of the District of South Carolina.

On January 30, Plaintiff's account—funded solely by VA disability benefits—was restricted without notice or explanation, causing immediate and ongoing irreparable harm.

Plaintiff seeks injunctive relief restoring access to funds, prohibiting future restrictions without due process, and other relief as the Court deems just.

United States District court

District of South carolina

Charleston division

Christopher W Martín plantiff

V

Santender Bank N. A Defendant

COMPLAINT

I. JURISDICTION AND VENUE

This Court has federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff brings claims under:

38 U.S.C. § 5301(a) (Protection of VA Disability Benefits)

42 U.S.C. § 12182 (Americans with Disabilities Act, Title III)

42 U.S.C. § 12203 (ADA Retaliation)

Federal unfair and abusive practices doctrines

Venue is proper in the District of South Carolina because Defendant conducts substantial business within this District and the account relationship is administered within the United States.

II. PARTIES

Plaintiff Christopher W Martin is a disabled veteran receiving VA disability compensation.

Defendant Santander Bank, N.A. is a national banking association providing consumer banking services throughout the United States.

III. STATEMENT OF FACTS

Plaintiff maintains a checking account with Santander Bank, N.A.

Plaintiff's account receives only VA disability benefit deposits, which are federally protected funds.

On August of 2025 My Bank account was restricted without cause or notice. I called the Bank and the agent told me to go into a branch or get a notarized letter. The agente told told me I could get the letter notarized in Medellín. I did get the. Notarized letter and then the agent " Jollie" refused to accept it and told me it had to be notarized from the U.S. embassy in Bogata Colombia on a recorded call. I filed a compliant with the consumir finace protecion bureau and the restriction was removed.

On January 30, 2026, Plaintiff successfully withdrew approximately 1.5 million Colombian pesos from an ATM.

When Plaintiff attempted an additional withdrawal the same day, Santander restricted Plaintiff's account without notice, explanation, or cause.

Santander provided no advance notice and no written post-deprivation notice.

Plaintiff was immediately denied access to funds necessary for basic living expenses.

Plaintiff incurred repeated out-of-pocket expenses purchasing international calling minutes to contact Santander.

Santander agents repeatedly instructed Plaintiff to visit a branch, despite Plaintiff informing them that no Santander branch exists in Medellín, Colombia, where Plaintiff resides.

Multiple agents, including individuals identifying themselves as Juan, Ishamel, Kia, and Spencer, refused to transfer Plaintiff to a supervisor.

On January 31, an agent identified as Spencer claimed the restriction was caused by a credit bureau block, could not identify the bureau, provided no documentation, and terminated the call.

Another agent, Jody, later stated there were no blocks or holds on the ATM card.

Plaintiff attempted another withdrawal in reliance on that representation; the ATM card failed.

Santander later stated the restriction was an internal bank block, directly contradicting prior statements.

Plaintiff contacted Experian and Equifax and confirmed that no credit bureau block existed.

Santander refuses to accept Plaintiff's current foreign address or valid working foreign telephone number.

Santander requires Plaintiff to disclose real-time physical location and remain on the phone during withdrawals, or face further restrictions.

Santander previously cancelled Plaintiff's ATM card without cause, refused to mail replacements to Plaintiff's current address, and forced Plaintiff's family members to incur expenses forwarding banking materials.

Plaintiff previously filed a lawsuit against Santander in August 2025.

The January 30 account restriction occurred after that protected activity and constitutes reprisal and retaliation.

Santander's conduct caused emotional, physical, and financial distress to Plaintiff and Plaintiff's family.

On Febuary 25,2026 My Bank account was restricted again. I called the Bank and on several recorded phone calls. I spoke to agent " Luis" who trates me abusivly, placed on múltiple holds. Tried múltiple ATM with him on the line. He refused to verify My account because I could provide the excate date i opened the account. He refused supervisory review and humg up on me. I called the actual branch and they told me the account was opened on 21 January 2014. I called back and " spoke to agent "Jimmy", and he told me to call back in one hour. I called back in one hour and I spoke to "Edward" and he told me to call back tommrow. He also refused me supervisory Review. I them called back I spoke to "Richard" and "Noah" who transfered me to " "Verónica". She was a le to resolver the issue after 4 hours of phone calls and long hold. Very abusive,unfair and Predatory.

IV. CLAIMS FOR RELIEF

COUNT I

Unlawful Restriction of VA Disability Benefits

(38 U.S.C. § 5301)

VA disability benefits are exempt from attachment, levy, seizure, or legal process.

Santander restricted Plaintiff's account containing only VA disability funds, unlawfully depriving Plaintiff of protected benefits.

Santander's actions violate 38 U.S.C. § 5301(a).

COUNT II

Americans with Disabilities Act – Denial of Access

(42 U.S.C. § 12182)

Santander is a place of public accommodation.

Plaintiff is a qualified individual with a disability.

Santander failed to provide reasonable accommodations and imposed policies that denied Plaintiff access to banking services.

COUNT III

ADA Retaliation / Reprisal

(42 U.S.C. § 12203)

Plaintiff engaged in protected activity by filing a lawsuit against Santander in August 2025.

Santander had knowledge of that protected activity.

Santander took adverse action by restricting Plaintiff's account and access to VA disability benefits.

The timing and circumstances establish a causal connection.

COUNT IV

Unfair and Abusive Practices / Wrongful Deprivation

Santander's conduct was arbitrary, abusive, deceptive, and lacked due process.

Plaintiff was deprived of property without notice or meaningful opportunity to contest.

V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Declare Santander's conduct unlawful

B. Order immediate restoration of access to VA disability funds

C. Enjoin Santander from future restrictions of protected benefits

D. Award compensatory damages where permitted

E. Award costs and any applicable attorney's fees

F. Grant such other relief as the Court deems just and proper

G. Damages of 20,000,000

H. Refund of all banking fees

I. Refund of all internacional ATM fees

J. Refund of all internacional transactions fees.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Christopher W Martin

Plaintiff, Pro Se

<u>Home of record</u>

458 four season blvd

Summerville, SC 29486

860604 9915

<u>Cmartnz4704@gmail.com</u>

Current address

Calle 57e carrera 85e e-57 apto 302

Colinas de calazans, Medellín, Colombia 005203654

Cell: 57333252318

*Christopher W. Martin*

Christopher W. Martin
SSN: ***-**-4704
DOB: Feb, 1973
Checking: 5987
Savings: 4273