UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher L. Martin, | ) | C/A No. 2:26-cv-00911-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Santander Bank, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against Santander Bank ("Defendant" or "Santander"). Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint along with various Motions. ECF Nos. 1 (Complaint); 2 (Motion for leave to proceed *in forma pauperis*); 5 (Motion for Preliminary Injunction and for Temporary Restraining Order); 6 (Motion for Immediate Hearing); 7 (Motion to Expedite Consideration). By Orders dated March 13, 2026, and April 15, 2026, Plaintiff was instructed to bring the case into proper form by filing the necessary paperwork. ECF Nos. 9; 15. Plaintiff belatedly complied with those Orders.[1]

---

[1] On May 11, 2026, the undersigned entered a Report and Recommendation (the "R&R"), recommending the action be dismissed for failure to prosecute under Rule 41(b). ECF No. 18.

1

On May 29, 2026, the Court entered Orders denying Plaintiff's Motion for Immediate Hearing and Motion for Expedited Consideration. ECF Nos. 28; 29. The undersigned also entered a Report and Recommendation dated May 29, 2026, recommending that Plaintiff's Motion for Preliminary Injunction and for Temporary Restraining Order be denied. ECF No. 30. That Report remains pending.

By Order dated May 29, 2026, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court in its Order. ECF No. 34. The Court noted, however, that Plaintiff might be able to cure the deficiencies of the Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 10. Plaintiff was notified that "an amended complaint replaces all prior complaints and should be complete in itself." *Id*. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal without further leave to amend.

*Id*. at 10–11 (emphasis omitted).

Plaintiff filed an Amended Complaint, which was entered on the docket on June 8, 2026.[2] ECF No. 37. Plaintiff also filed a Motion for Various Relief, which the Court has addressed by

---

After the Court received Plaintiff's filings in response to the proper form Orders, the undersigned vacated the R&R on May 29, 2026. ECF No. 27.

[2] Plaintiff's Amended Complaint was emailed to the Charleston Division of the Clerk's Office. By Order dated June 8, 2026, the Court instructed the Clerk to file Plaintiff's Amended Complaint, but notified Plaintiff that emailing documents for filing was not proper and that in all future filings, Plaintiff must follow the traditional filing method under this Court's rules and procedures. ECF No. 36

separate Order; however, that Motion contains certain representations that the Court will consider herein.  ECF No. 38.  Although an amended complaint replaces all prior complaints, the Court will consider the allegations contained in both the original Complaint and the Amended Complaint out of an abundance of caution and to give liberal construction to the pleadings in this case.

**Factual Allegations from the Original Complaint**

Plaintiff made the following allegations in his original Complaint.  ECF No. 1.  In the Complaint, Plaintiff lists an address in Summerville, South Carolina, but appears to be living in Medellin, Columbia.  *Id*. at 1, 10.  He asserts the basis for federal court jurisdiction is federal question under 28 U.S.C. § 1331.  *Id*. at 3.  He lists the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12182 ("Title III") and § 12203 (retaliation); the Consumer Protection Act, 12 U.S.C. §§ 5531, 5536; the Protection of VA Disability Benefits, 38 U.S.C. § 5301; and 28 U.S.C. § 1391 (venue generally) as the federal statutes at issue.  *Id*. at 3, 6, 7.

Plaintiff states that he maintains a checking account with Defendant.  *Id*. at 7.  He claims the account only receives federally protected VA disability benefit as deposits.  *Id*.  In August 2025, Plaintiff's bank account was allegedly restricted without cause or notice.  *Id*.  Plaintiff asserts that he called Santander and an agent told him to go into a branch or get a notarized letter, which Plaintiff obtained.  *Id*.  He claims that agent Jollie refused to accept the notarized letter and told him it had to be notarized at the U.S. Embassy in Bogata, Colombia on a recorded call.  *Id*.  Plaintiff filed a complaint with the consumer finance protection bureau, and the restriction was removed.  *Id*.  On January 30, 2026, Plaintiff successfully withdrew approximately 1.5 million Colombian pesos from an ATM.  *Id*.  When he attempted another withdrawal the same day, his account was allegedly restricted "without notice, explanation, or cause."  *Id*.

Plaintiff claims that he incurred out-of-pocket expenses to purchase international calling minutes to contact Santander. *Id*. at 8. He alleges that agents repeatedly instructed him to visit a Santander branch, "despite Plaintiff informing them that no Santander branch exists in Medellin, Colombia, where Plaintiff resides." *Id*. He alleges that on January 31, agent Spencer claimed the restriction was caused by a credit bureau block, but could not identify the bureau, provided no documentation, and terminated the call. *Id*. Agent Jody allegedly stated there were no blocks or holds on the ATM card. *Id*. Plaintiff attempted another withdrawal and the ATM card failed. *Id*. An unidentified person at Santander allegedly stated the restriction was an internal bank block. *Id*. Plaintiff allegedly contacted Experian and Equifax and confirmed that no credit bureau block existed. *Id*. Plaintiff claims that Santander "refuses to accept Plaintiff's current foreign address or valid working foreign telephone number." *Id*.

Plaintiff asserts that Santander requires him to disclose his real-time physical location and remain on the phone during withdrawals, or face further restrictions. *Id*. He alleges that Santander previously canceled his ATM card without cause, refused to mail replacements to Plaintiff's current address, and forced Plaintiff's family members to incur expenses for forwarding banking materials. *Id*. Plaintiff claims he filed a lawsuit (he does not identify the case number or jurisdiction) against Santander in August 2025. *Id*. Plaintiff asserts that the January 30 account restriction occurred after his alleged protected activity and constitutes reprisal and retaliation. *Id*.

On February 25, 2026, Plaintiff's bank account was allegedly restricted again. *Id*. He asserts he spoke to agent Luis who treated him abusively and placed him on multiple holds. *Id*. Plaintiff claims he tried multiple ATMs with Luis on the line but Luis refused to verify the account because Plaintiff could not provide the exact date he opened the account. *Id*. Luis refused supervisory review and hung up. *Id*. Plaintiff called an actual branch and they told him the date

the account was opened. *Id*. He allegedly called and spoke with agent Jimmy who told Plaintiff to call back in an hour, then he called back an hour later and spoke to Edward who told him to call back the next day and refused supervisory review. *Id*. Plaintiff asserts he called back to Richard and Noah who transferred him to Veronica. *Id*. Veronica allegedly resolved the issue after four hours of phone calls and a long hold. *Id*.

Plaintiff claims Santander's conduct caused him emotional, physical and financial distress. *Id*. He also claims damages to his family but cannot assert such claims *pro se* on their behalf. *Id*. As relief, Plaintiff requests a refund of fees and costs plus $20,000,000. *Id.* at 9.

In the first cause of action, Plaintiff claims there was an unlawful restriction of his VA disability benefits under 38 U.S.C. § 5301(a). *Id*. He asserts that his "VA disability benefits are exempt from attachment, levy, seizure, or legal process." *Id*. He alleges that "Santander restricted Plaintiff's account containing only VA disability funds, unlawfully depriving Plaintiff of protected benefits." *Id*.

In the second cause of action, Plaintiff alleges that Santander is a place of public accommodation, he is a qualified individual with a disability, Santander failed to provide reasonable accommodations, and Santander imposed policies that denied him access to banking services in violation of 42 U.S.C. § 12182 of the ADA. *Id*.

In the third cause of action, Plaintiff alleges that he engaged in protected activity by filing a lawsuit against Santander in August 2025, Santander had knowledge of that protected activity, and Santander took adverse actions by restricting his account and access to VA disability benefits in violation of 42 U.S.C. § 12203 of the ADA. *Id*. He claims the timing and circumstances establish a causal connection. *Id*.

Plaintiff's fourth cause of action is titled "Unfair and Abusive Practices/Wrongful Deprivation." *Id*. He claims that Santander's conduct was "arbitrary, abusive, deceptive, and lacked due process." *Id*. He alleges that Santander deprived him of property without notice or meaningful opportunity to contest. *Id*.

**Factual Allegations from the Amended Complaint**

In the Amended Complaint, Plaintiff makes similar allegations to those in the original Complaint. ECF No. 37. The Amended Complaint identifies as the basis for jurisdiction civil rights violations against federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id*. at 3. Plaintiff asserts that "[f]or 10 years Santander has violated my rights under [the ADA], Unfair and Abusive Practices [] by restricting my account, denial of banking products, denial of transfer services, excessive ATM Fee and Costs, retaliation reprisal for previous legal actions." *Id*. at 4. Plaintiff contends that, "on recorded phone calls, I have been subject to unfair and abusive projects and practices. The account history and recorded phone calls prove everything. I have [been] denied credit." *Id*. at 5. For his injuries, Plaintiff contends he has suffered "emotional distress—did not get treatments," "physical distress—did not get treatment," "financial distress—none recovered," and "I can't afford medical treatment." *Id*. For his relief, Plaintiff seeks a refund of all banking fees, refund of all international ATM fees, refund of all international transaction fees, and $20 million in damages for "10 years of violations of my civil rights, reprisals, emotional, physical, and financial distress." *Id*. at 6.

**Motion for Various Relief**

As noted, Plaintiff recently filed a Motion, which is captioned as "Plaintiff's Objection, Motion for Reconsideration, Request for Accommodation Regarding Filing Methods, and Notice of Address Clarification." ECF No. 38 at 1. The undersigned has addressed the relief sought in

that Motion by separate Order.  However, certain representations made in that Motion bear

repeating here.  Plaintiff provides the following statement regarding his "Address Clarification":

> I have continuously resided in Medellin, Antioquia, Colombia for approximately nine years.  My home of record has changed from Portland, Connecticut to Summerville, South Carolina because multiple systems, including PACER and Santander Bank systems, repeatedly failed to properly accept or recognize my overseas address.
>
> . . .
>
> Because my overseas address has frequently not been accepted by court-related systems, I have been forced to use my family's address in South Carolina for correspondence purposed only.  I do not reside there, have never resided there, and only use it because many systems would not accept my actual residence abroad.

*Id*.  In a section titled "Motion for Reconsideration," Plaintiff further explains as follows:

> I also wish to explain why this action was filed using a South Carolina mailing address.  Family members who previously lived in Connecticut relocated to South Carolina.  When I experienced ongoing issues updating my information through PACER and other systems that would not accept my foreign address, I used my parents' address because it was the only address accepted by the system.
>
> If the Court determines another venue or procedural course is appropriate, I will respect the Court's decision.  If the Court is willing to accept my overseas address for correspondence, I welcome direct mailing to my current residence.  If not, I will continue using my parents' address solely for mailing purposes.

*Id*. at 2.

**Plaintiff's Other Cases**

The Court notes that the present action is one of three actions filed in this Court against the

same Defendant making nearly identical allegations over the span of a few months. *See Martin v.*

*Santander Bank*, No. 2:26-cv-00537-RMG-WSB; *Martin v. Santander Bank*, No. 2:26-cv-00911;

*Martin v. Santander Bank*, No. 2:26-cv-02227-RMG-WSB.[3]    The Court also notes that in September 2025, Plaintiff filed a civil action against Santander Bank in the United States District Court for the District of Connecticut, making nearly identical allegations to those made in the cases cited above.    *See Martin v. Santander Bank*, No. 3:25-cv-01451-SFR (D. Conn.).

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."    28 U.S.C. § 1915(e)(2)(B).    Further, this Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915.    *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict

---

[3] The Court takes judicial notice of Plaintiff's other cases.    *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

Because Plaintiff is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove the claims presented in this case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

### DISCUSSION

**Personal Jurisdiction**

The pleadings lack sufficient allegations to demonstrate that the Court has personal jurisdiction over Defendant.[4]  For this reason, the action should be dismissed.[5]

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law.  Fed. R. Civ. P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).  "For a district court to assert personal jurisdiction over a nonresident defendant, two

---

[4] "Although personal jurisdiction is an affirmative defense that may be raised or waived by the defendant, Fed. R. Civ. P. 12(b)(2), (h)(1), multiple appellate courts have relied on [*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)] to find district courts may raise affirmative defenses *sua sponte* under limited circumstances when reviewing cases filed *in forma pauperis* pursuant to 28 U.S.C. § 1915." *Simmons v. Trent*, C/A No. 3:24-cv-105-SAL-SVH, 2024 WL 185617, at *2 (D.S.C. Jan. 17, 2024).

[5] The Court notes that the Complaint would also be subject to dismissal for other reasons, including for failing to state a claim for relief that is plausible.  However, the Court need not conduct an analysis as to the merits of any claims given the Court's finding that it lacks jurisdiction.

conditions must be satisfied." *Bradley v. General Couns.*, C/A No. 3:07-cv-112, 2008 WL 713921, at *5 (N.D. W. Va. Mar. 14, 2008), *aff'd*, 280 F. App'x 251 (4th Cir. 2008). "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).

"South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." *ESAB Grp.*, 126 F.3d at 623. Therefore, the appropriate question for a court considering a personal jurisdiction defect for an out-of-state defendant is whether that defendant has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (stating that the exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum state, such that requiring the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice")); *see Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 834 (D.S.C. 2015) ("Because the South Carolina long-arm statute is coextensive with the Due Process Clause, the sole question on a motion to dismiss for lack of personal jurisdiction is whether the exercise of personal jurisdiction would violate due process.") (citing *Tuttle Dozer Works, Inc. v. Gyro–Trac (USA), Inc.*, 463 F. Supp. 2d 544, 547 (D.S.C. 2006) and *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 611 S.E.2d 505, 508 (2005)).

Personal jurisdiction may arise generally or specifically based on the conduct alleged in the suit. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). Under

11

general jurisdiction, a defendant's contacts or activities in the forum state are not the basis for the suit, but the defendant may be sued in this Court "for any reason, regardless of where the relevant conduct occurred," because the defendant's activities in South Carolina are "continuous and systematic." *CFA Inst.*, 551 F.3d at 292 n.15. These activities must be "so substantial and of such a nature as to justify suit against [a defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.*, 326 U.S. at 318. Here, Plaintiff does not allege general jurisdiction over Defendants pursuant to S.C. Code Ann. § 36-2-802, nor does he allege facts to demonstrate that the Court has general jurisdiction over Defendant.

Under specific jurisdiction, a defendant may be sued in this Court if the litigation results from alleged injuries that arose out of or is related to the defendant's contacts with South Carolina, and those contacts were sufficient. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). To determine whether specific jurisdiction exists, courts employ a "minimum contacts" analysis that examines "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc.*, 293 F.3d at 712. Here, Plaintiff does not allege specific jurisdiction over the Defendant pursuant to Rule 4(k)(1) and S.C. Code Ann. § 36-2-803(1), nor does he allege facts to demonstrate that the Court has specific jurisdiction over these Defendant. The allegations in the pleadings simply do not show that Defendant's conduct giving rise to Plaintiff's alleged claims occurred in South Carolina. The pleadings contain no allegations showing that Defendant purposefully availed itself of the privilege of conducting certain activities in South Carolina. Accordingly, it appears that the Court lacks personal jurisdiction over Defendant.

There is no indication in the pleadings that Defendant conducts any business whatsoever in the state of South Carolina.  A review of Santander's website indicates that there are no branch or ATM locations in the state of South Carolina.  *See* https://locations.santanderbank.com/.  Other courts have noted that Santander is a national banking association has its principal place of business in Boston, Massachusetts, but is "deemed to be a citizen only of Delaware, since that is the State designated in its articles of association as its main office, and therefore where it is 'located' under 28 U.S.C. § 1348."[6]  *Roberts v. Santander Bank, N.A.*, 141 F. Supp. 3d 164, 165 (D. Mass. 2015); *see also Ferrante v. Santander Bank, N.A.*, 680 F. Supp. 3d 52, 56 (D. Mass. 2023) ("Defendant Santander is a national association organized under Delaware law and has a 'home' office in Delaware.  Santander maintains its principal place of business and headquarters in Boston, Massachusetts.").

Notably, Plaintiff has clarified that he has never resided in South Carolina.  ECF No. 38 at 1.  In light of that concession and in the absence of allegations that any events occurred in South Carolina or that Defendant has any presence in or contacts with South Carolina, there is simply no basis for the Court to find that it has personal jurisdiction over Defendant.

"Because it is apparent from the face of the complaint that personal jurisdiction is lacking and there is no reason to believe that any defendant would waive this basis for dismissal, the court finds it appropriate to dismiss the case without prejudice."  *Alvarado v. Cnty. of Tulare*, C/A No. 3-17-cv-00040, 2017 WL 3129821, at *2 (W.D. Va. July 21, 2017); *see also Trujillo v. Williams*,

---

[6] The Court notes that consideration of Santander's citizenship by other courts in the context of diversity jurisdiction analysis is not determinative of whether Santander conducts any business in South Carolina, but merely points out that Santander is a citizen of a different state than South Carolina, and Plaintiff has not alleged any contacts with this District.

465 F.3d 1210, 1216–17 (10th Cir. 2006) (holding that a district court may *sua sponte* dismiss an action under 28 U.S.C. § 1915 for lack of personal jurisdiction "when the defense is obvious from the face of the complaint and no further factual record is required to be developed") (citation and internal quotation marks omitted); *Marin v. La Paloma Healthcare Ctr.*, 636 F. App'x 586, 588 (3d Cir. 2016) (holding that the case was properly dismissed for lack of personal jurisdiction under § 1915 where "the lack of a connection between the Defendants and Pennsylvania [was] apparent from the face of the complaint").

**Venue**

Even if the Court were to conclude that it had personal jurisdiction over Defendant, venue appears to be improper in this District.

Under the venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005).

"When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue." *Levi v. Harris*

*Teeter, LLC*, C/A No. 4:16-cv-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *R&R adopted by* 2016 WL 4911047 (D.S.C. Sept. 15, 2016). The choice to dismiss or transfer a case afforded by 28 U.S.C. § 1406 lies within the sound discretion of the district court. *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005). Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, *see White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986), the district court has the power to consider *sua sponte* whether venue is proper, *see Harmon v. Sussex Cnty.*, C/A No. 4:17-cv-2931-RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *R&R adopted by* 2017 WL 6498165 (D.S.C. Dec. 19, 2017).

Here, Plaintiff has not alleged facts showing that any of the events described in the Complaint occurred in South Carolina. And, Defendant does not appear to be a resident of South Carolina, nor has Plaintiff alleged facts showing the Court has personal jurisdiction over Defendant. Also, Plaintiff does not reside in, nor has he ever resided in South Carolina. As such, venue does not appear to properly lie in this judicial district. The Court is also unable to determine the proper venue from the face of the pleadings and is therefore unable to transfer this action to an appropriate venue. "Plaintiff bears the burden to establish that venue is proper as to each claim and as to each defendant." *EmeryAllen, LLC v. MaxLite Inc.*, C/A No. 2:20-cv-4332-RMG, 2021 WL 2111159, at *4 (D.S.C. May 25, 2021). Plaintiff has not alleged facts to establish that venue is proper in this District and has also not alleged sufficient to establish what judicial district would be the appropriate venue as to the claims asserted and named Defendant.

**Conclusion**

The Court provided Plaintiff an opportunity to file an Amended Complaint, and Plaintiff did so. In the Court's Order Regarding Amendment, the Court identified the pleading deficiencies

of the original Complaint as to the issues of personal jurisdiction and venue.  ECF No. 34.

However, Plaintiff has not alleged any new facts to cure the deficiencies identified by the Court.

Plaintiff has not met his burden of establishing that this Court has jurisdiction over this matter or

that venue is proper in this District.  For these reasons, the action is subject to dismissal.

**RECOMMENDATION**

Based upon the foregoing, it is recommended that the district court **DISMISS** this action

pursuant to 28 U.S.C. § 1915 for lack of personal jurisdiction and improper venue, without

prejudice, without further leave to amend,[7] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

June 9, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[7] The dismissal should be without further leave to amend because Plaintiff has previously been granted an opportunity file an amended complaint and failed to cure the pleading deficiencies noted by the Court.  For the reasons herein, Plaintiff cannot cure the defects in his claims by mere amendment and further amendment would be futile. *Thomas v. Drive Auto. Indus. of Am., Inc.*, C/A No. 6:18-cv-169-AMQ, 2018 WL 5258811, at *2 (D.S.C. July 25, 2018), *R&R adopted by* 2018 WL 5255183 (D.S.C. Oct. 22, 2018); *Dizzley v. Hixson*, C/A No. 2:20-cv-00991-SAL, 2020 WL 1892067, at *1 (D.S.C. Apr. 16, 2020) (finding the plaintiff could not cure the defects in his complaint by mere amendment and declining a further opportunity to amend based on futility); *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (dismissal without leave to amend is a final appealable order).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).