**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Christopher L. Martin, | Case No. 2:26-cv-911-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Santander Bank, | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 44), recommending that this action be summarily dismissed for lack of personal jurisdiction over the Defendant and the lack of venue in the District of South Carolina. (Dkt. No. 44). The Magistrate Judge recommends the dismissal be made without prejudice, without further leave to amend, and without issuance and service of process. Plaintiff has filed objections to the R & R.

## I.    Background

Plaintiff has brought this matter pro se. He reports he has resided in Medellin, Columbia for the last nine years and has had disputes periodically with Defendant, a bank organized under the laws of Delaware with its principal place of business in Massachusetts. The Defendant has no branch or ATM locations in South Carolina.(Dkt. No. 44 at 13). Plaintiff reports that he has never resided in South Carolina but is using a family address in Summerville, South Carolina for mailing purposes. (Dkt. No. 38).

The Magistrate Judge, after carefully setting forth the factual and legal issues regarding jurisdiction and venue, recommended the dismissal of this action for lack of general and specific

1

jurisdiction over the Defendant in South Carolina and the lack of venue in the District of South Carolina. (Dkt. No. 44 at 16).  The Magistrate Judge recommends the summary dismissal of this action without the issuance or service of process and without leave to amend because Plaintiff has already had one opportunity to amend his complaint. (*Id.* at 16).  Plaintiff has filed objections to the R & R (Dkt. No. 51), but has failed to address substantively the Magistrate Judge's findings that this Court lacks personal jurisdiction over the Defendant and lacks venue over this matter in the District of South Carolina.

Plaintiff has also submitted a second amended complaint. (Dkt. No. 50).  The second amended complaint contains the same defects with jurisdiction and venue and any further effort to amend the complaint would be futile.  Plaintiff earlier moved for a preliminary injunction and TRO (Dkt. No. 5), which is rendered moot by this Order.

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.     Discussion

After a careful review of the record, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that the Court lacks jurisdiction over this matter and venue is not proper in the District of South Carolina.

## IV.     Conclusion

For the foregoing reasons, the R & R (Dkt. No. 44) is **ADOPTED** as the Order of the Court.  This matter is **DISMISSED** without prejudice, without further leave to amend, and without issuance and service of process.  Plaintiff's motion for a preliminary injunction and TRO (Dkt. No. 5) is denied as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 7, 2026
Charleston, South Carolina

3